UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNA COUTURE,

    Plaintiff,

v.                                                 Case No. 8:16-cv-2428-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

      Before the Court is *Plaintiff's Attorney[ Michael A. Steinberg's] Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b)*. (Doc. 38). For the reasons discussed below, counsel's motion is denied without prejudice.

I.

      The Plaintiff initiated this action in August 2016 seeking judicial review of the Commissioner's decision denying her claim for Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). In August 2018, at the Commissioner's request, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Docs. 33, 34). The Clerk of Court entered Judgment in the Plaintiff's favor the same day. (Doc. 35). And, in December 2018, the Court

awarded attorney's fees to Plaintiff's counsel in the amount of $3,194.78 pursuant to the Equal Access to Justice Act.  (Doc. 37).

Plaintiff's counsel now requests an order, pursuant to 42 U.S.C. § 406(b), granting him attorney's fees in accordance with his contingency fee agreement with the Plaintiff.  (Doc. 38 at 1, 6; Doc. 38-2).  Plaintiff's counsel, however, does not identify the fee amount he seeks.  As an explanation for this omission, Plaintiff's counsel states that he does not have a copy of the Notice of Award upon which his contingency fee request is based because he did not represent the Plaintiff at the administrative level after remand.[1]  (Doc. 38 at 3).  To remedy this issue, Plaintiff's counsel asks "that the [Commissioner] be directed to provide a copy of the Notice of Award to [Plaintiff's counsel] and that [Plaintiff's counsel] be granted leave to amend the fee petition[ ] within 30 days from the receipt of the Notice of Award."  *Id.*

In response, the Commissioner offers what he describes as the "latest statement of the amount withheld for attorney fees" and asserts he will "respond to [the] petition for fees once [Plaintiff's counsel] has updated it."  (Doc. 39 at 1; Doc. 39-1).  To date, Plaintiff's counsel has not sought leave to amend his motion or claimed that the information filed by the Commissioner is insufficient to allow him to do so.

---

[1] Plaintiff's counsel represents that he filed the instant motion after receiving a letter indicating the

II.

Section 406(b) of Title 42, United States Code, governs the award of attorney's fees in Social Security cases where, as here, the district court remands the case to the Commissioner for further proceedings, and the Commissioner subsequently grants the claimant past-due benefits. *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1276–78 (11th Cir. 2006). Under such circumstances, the claimant may return to the court and seek fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. ___, 139 S. Ct. 517, 522 (2019).

Although Plaintiff's counsel asks that the Court find his fee request to be reasonable (Doc. 38 at 7), the Court cannot address that issue until after Plaintiff's counsel identifies the fee amount he seeks and the Commissioner provides his response to that figure.[2]

III.

In light of the above, it is hereby ORDERED that *Plaintiff's Attorney[ Michael*

---

Plaintiff was approved for benefits. (Doc. 38 at 2–3).

[2] The timeliness requirement of Federal Rule of Civil Procedure 54(d)(2) applies to motions for attorney's fees under section 406(b). *See Bergen*, 454 F.3d at 1277. Given the difficulty of integrating the fourteen-day requirement of Rule 54(d)(2) into the procedural framework of a fee award under section 406, there is a Standing Order in this District providing that motions for attorney's fees under section 406(b) are to be filed no later than thirty days after the date of the Social Security letter sent to plaintiff's counsel of record at the conclusion of the SSA's past-due benefit calculation. *See In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22. In denying the instant motion without prejudice, the Court does not make any determination regarding timeliness.

3

*A. Steinberg's] Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b)* (Doc. 38) is denied without prejudice. Plaintiff's counsel shall confer with the lawyer for the Commissioner in accordance with Local Rule 3.01(g) before filing any renewed motion for attorney's fees.

DONE and ORDERED in Tampa, Florida, this 20th day of February 2021.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record