UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNA COUTURE,

    Plaintiff,

v.                                                                                            Case No. 8:16-cv-2428-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is *Plaintiff's Attorney's Amended Motion for an Award of Attorney['s] Fees under 42 U.S.C. § 406(b)*.[2]  (Doc. 41).  For the reasons discussed below, counsel's motion is granted.

I.

The Plaintiff initiated this action in August 2016, seeking judicial review of the Commissioner's decision denying her claim for Disability Insurance Benefits and Supplemental Security Income.  (Doc. 1).  After the parties had fully briefed the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the Defendant in this suit.

[2] The Court denied counsel's original fee motion without prejudice because it was unclear as to the amount of fees sought and whether the Commissioner opposed the motion.  *See* (Docs. 38, 40).

matter (Docs. 22, 23), the Court entered an Order in June 2018 directing the Commissioner to supplement the administrative record so that the Court could resolve the parties' dispute (Doc. 25).

In August 2018, at the Commissioner's request, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Docs. 33, 34). The Clerk of Court entered Judgment for the Plaintiff the same day. (Doc. 35). In December 2018, the Court awarded attorney's fees to Plaintiff's counsel in the sum of $3,194.78 pursuant to the Equal Access to Justice Act (EAJA). (Doc. 37).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits totaling $152,002. (Doc. 41 at 3; Doc. 42 at 3).[3] The SSA has withheld $26,000.50 of this past-due amount for a possible future award of attorney's fees for work performed before the Court. (Doc. 41-2).

By way of the instant motion, Plaintiff's counsel now requests that the Court enter an order pursuant to 42 U.S.C. § 406(b)(1) approving $26,000 in fees. (Doc. 41). Counsel represents that his client consents to this fee amount and that he is aware of his obligation to refund to his client the previous EAJA fee award of $3,194.78 in the event the Court grants his motion. *Id.* at 4–6. The Commissioner does not dispute the Plaintiff's entitlement to fees under section 406(b)(1), but objects

---

[3] The Plaintiff's attorney represents that he did not receive a Notice of Award setting forth the amount of past-due benefits authorized by the Social Security Administration (SSA), but that he calculated the $152,002 figure by multiplying the total amount of fees the SSA reserved for the Plaintiff's representative by four. (Doc. 41 at 3).

to the sum sought, although she fails to specify what the appropriate figure should be. (Doc. 42 at 5).

II.

Before addressing the substance of the Plaintiff's motion, the Court must dispose of a threshold procedural issue stemming from the recent revisions to the local rules. Effective February 1, 2021, Local Rule 7.01 now creates a bifurcated process for parties seeking the Court's approval of post-judgment attorney's fees and related non-taxable expenses. M.D. Fla. R. 7.01. Under this provision, a fee applicant must first timely move the Court for a determination of the applicant's right to such compensation. M.D. Fla. R. 7.01(b). If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—file a supplemental motion that complies with the following requirements:

> (1) describes the meet-and-confer effort but preserves any confidential settlement communication;
> (2) specifies the resolved and *unresolved* issues;
> (3) includes a memorandum of law on any *disputed* issue;
> (4) includes for any *disputed* rate or hour:
>   (A) the timekeeper's identity, experience, and qualification;
>   (B) specifies the resolved and *unresolved* issues;
>   (C) includes a memorandum of law on any *disputed* issue;
>   (D) the timekeeper's requested rate;
>   (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;
>   (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed

>   for similar services by a lawyer of comparable skill, experience, and reputation; and
> (5) includes for a *disputed* non-taxable expense:
>   (A) a receipt for, or other evidence of, the expense and
>   (B) lead counsel's verification that counsel incurred the expense.

M.D. Fla. R. 7.01(c) (emphasis added).

The above italicized language suggests that, while Local Rule 7.01 mandates two separate motions be submitted before the Court can award attorney's fees and expenses, the second motion may be deemed unnecessary if the requested sum is not contested. *Id.* Indeed, courts analyzing fee petitions under the Southern District of Florida's analogous local rule—S.D. Fla. R. 7.3—dispense with the bifurcated procedure where, as here, a party's entitlement to fees is unopposed. *See, e.g.*, *Cruzado v. Saul*, 2021 WL 356157 (S.D. Fla. Jan. 14, 2021), *report and recommendation adopted*, *Cruzado-Rodrigues v. Saul*, 2021 WL 354186 (S.D. Fla. Feb. 2, 2021); *Forbes v. Berryhill*, 2021 WL 256364 (S.D. Fla. Jan. 26, 2021); *Lloyd v. James E. Albertelli, P.A.*, 2020 WL 7295767 (S.D. Fla. Dec. 10, 2020).

In light of this case law and the circumstances presented, the Court will invoke its authority under Local Rule 1.01(b)—which permits the Court to suspend application of a local rule—and decline to enforce Local Rule 7.01's bifurcation requirement in this case. M.D. Fla. R. 1.01(b); *see also Tobinick v. Novella*, 884 F.3d 1110, 1120 (11th Cir. 2018) (finding that a district court did not abuse its discretion in allowing a party to submit "an omnibus motion for fees without adhering to some

4

of the procedural requirements under [the Southern District of Florida's] local rules").

With this threshold procedural matter resolved, the Court turns to the merits of counsel's fee motion. Section 406(b) governs the authorization of attorney's fees in Social Security cases where a district court remands the action to the Commissioner for further proceedings and the Commissioner subsequently grants the claimant past-due benefits. 42 U.S.C. § 406(b)(1)(A). In such situations, the claimant may return to the district court—as the Plaintiff has done here—and seek fees not exceeding 25% of the past-due benefits awarded. *Id.*; *Culbertson v. Berryhill*, 586 U.S. ___, 139 S. Ct. 517, 522 (2019).[4]

The authorized fee amount, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure that this is the case, section 406(b) mandates that courts conduct an independent review of counsels' fee arrangements with their clients. *Gisbrecht*, 535 U.S. at 807–08. As part of their oversight role, courts may direct that

---

[4] The requirement under Federal Rule of Civil Procedure 54(d)(2) that fee petitions be filed no later than fourteen days after the entry of judgment applies to fee motions brought pursuant to section 406(b). *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Given the difficulty, however, of integrating Rule 54(d)(2)'s fourteen-day requirement into the procedural framework of a section 406 fee award, this District maintains a Standing Order, which provides that motions for attorney's fees under section 406(b) must be submitted no later than thirty days after the date of the Social Security letter sent to plaintiff's counsel of record at the conclusion of the SSA's past-due benefit calculation. *See In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 12, 2014). Here, as alluded to above, the Plaintiff's lawyer represents that he never received a copy of the Notice of Award, but that he became aware the Plaintiff was approved for benefits following remand in December 2020, after which he moved for fees. (Doc. 38 at 3; Doc. 41 at 3). For this reason, and because the Commissioner does not claim that the Plaintiff's motion is time barred, the Court will not address the timeliness issue.

an attorney provide "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808 (citation omitted).

In addition, an attorney who is successful in claiming attorney's fees under both the EAJA and section 406 must refund "'to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (citation omitted). Counsel may do so either by deducting an earlier EAJA award from a subsequent section 406(b) request, or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson,* 601 F.3d at 1274.

Courts follow the framework set forth in *Gisbrecht* when assessing motions for section 406(b) fees based upon contingency-fee contracts such as the one at issue here. *Hawthorne v. Comm'r of Soc. Sec.*, 2020 WL 619081, at *1 (M.D. Fla. Feb. 10, 2020). In *Gisbrecht*, the Court explained:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, [section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807 (footnotes and citation omitted).

*Gisbrecht* instructs that, in conducting their review, courts should begin "by looking . . . to the contingent-fee arrangement, [and] then testing it for reasonableness." 535 U.S. at 808. The reasonableness inquiry may involve the

6

consideration of a number of factors, "including: (1) whether the requested fee is out of line with the 'character of the representation and the results the representative achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of time counsel spent on the case,' the so-called 'windfall' factor." *Amos v. Comm'r of Soc. Sec.*, 2020 WL 525948, at *2 (M.D. Fla. Jan. 30, 2020) (quoting *Gisbrecht*, 535 U.S. at 805, 808), *report and recommendation adopted*, 2020 WL 534490 (M.D. Fla. Feb. 3, 2020).  Also relevant to the reasonableness analysis are the attorney's "degree of expertise," adequacy of representation, and risk of loss, as well as whether [the] attorney's success is attributable to his own work or to an "unearned advantage." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850–51 (11th Cir. 2020) (per curiam) (internal quotation marks and citations omitted).  Of significance here, however, under *Gisbrecht*, a district court may not rely solely on the effective hourly rate when determining the reasonableness of the requested fee.  *Id.* at 850.

In this case, the sought-after fee award of $26,000 is based on 16.4 hours spent by the Plaintiff's lawyer litigating this appeal before the Court between 2016 and 2018.  (Docs. 41, 41-3).  Plaintiff's counsel argues that this monetary figure is reasonable because it is consistent with the Plaintiff's contingency fee agreement.  (Doc. 41 at 6; Doc. 41-1).  He also reiterates that the Plaintiff does not object to this amount.  (Doc. 41 at 6).

The Commissioner counters that authorizing such a fee payment would result in a "windfall" to counsel because the Plaintiff's initial brief totaled eight pages and raised only a procedural issue, with minimal citations to the record; the Commissioner subsequently moved for remand "on [her] own" after the parties filed their respective briefs and the Court asked for additional information; and the issue which served as the basis for the remand was related to an earlier claim. (Doc. 42 at 4). The Commissioner further contends that the requested fee amount—even when reduced by the EAJA fee award of $3,194.78—would still equate to a "de facto hourly rate" of approximately $1,390. *Id.* at 3.

After a careful evaluation of the matter, the Court finds that the sought-after fee award is reasonable given the circumstances of this case. Several considerations inform the Court's conclusion. The contingent fee agreement, which provides for a fee of 25%, is within the bounds of section 406(b). In addition, the Commissioner does not challenge the Plaintiff's representations as to the agreed-upon nature of the fee award between counsel and the Plaintiff, nor does she argue that counsel caused the proceedings to be unnecessarily protracted in an effort to profit from the accumulation of benefits during the pendency of the action. (Doc. 42). And, although the Commissioner suggests that the adequacy and quality of counsel's services were lacking due to the length and substance of the Plaintiff's legal memorandum, it cannot be disputed that the Court sought additional information based on the Plaintiff's brief, after which the Commissioner moved for a remand. *See* (Docs. 25, 33).

Lastly, while the Court recognizes the substantial size of the fee award as measured against the time counsel spent on the matter, this factor alone—as noted above—does not provide a sufficient basis for reducing the requested fee figure. *Gossett*, 812 F. App'x at 850–51. This is especially true given the ample authority in this District approving similar fee rates in other Social Security cases. *See, e.g., Beira v. Comm'r of Soc. Sec.*, 2021 WL 275905, at *3 (M.D. Fla. Jan. 4, 2021) (approving a section 406(b) fee that amounted to a de facto hourly rate of approximately $2,620), *report and recommendation adopted*, 2021 WL 268643 (M.D. Fla. Jan. 27, 2021); *Amador v. Acting Comm'r of Soc. Sec.*, 2019 WL 2269826, at *2–3 (M.D. Fla. May 28, 2019) (approving a de facto hourly rate of approximately $1,300 after reimbursement of the EAJA fee, and collecting cases); *Peterson v. Comm'r of Soc. Sec.*, 2018 WL 3650034, at *2 (M.D. Fla. June 19, 2018) (approving a de facto hourly rate of approximately $2,000); *Gorgoglione v. Comm'r of Soc. Sec.*, 2015 WL 2094909, at *3–4, n.3 (M.D. Fla. May 5, 2015) (approving a de facto hourly rate of approximately $1,150); *see also Taggart v. Comm'r of Soc. Sec.*, 2021 WL 86809, at *2 (S.D. Fla. Jan. 11, 2021) (approving an hourly rate of $1,630.50).

### III.

Accordingly, for the reasons stated above, it is hereby ORDERED:

1. *Plaintiff's Attorney's Amended Motion for an Award of Attorney['s] Fees under 42 U.S.C. § 406(b)* (Doc. 41) is granted, and the Plaintiff is awarded attorney's fees in the amount of $26,000 pursuant to 42 U.S.C. § 406(b). This sum shall be paid to

Plaintiff's counsel from the past-due benefits currently being withheld by the Commissioner.

    2.     Upon receipt of these funds, Plaintiff's counsel shall promptly refund to the Plaintiff the previously awarded EAJA fee of $3,194.78.

    3.     This action is closed and shall remain closed.

DONE and ORDERED in Tampa, Florida, this 18th day of August 2021.

*/s/ Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record